# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DAVID OLEA-CRUZ, | Case No. 5:26-cv-02631-MBK |
| Petitioner, | ORDER GRANTING PETITION AND ISSUING A WRIT FOR HABEAS CORPUS |
| v. |  |
| WARDEN, ADELANTO DETENTION CENTER, ET AL., |  |
| Respondents. |  |

Petitioner David Olea-Cruz, a native and citizen of Mexico, is in the custody of the Department of Homeland Security at the Adelanto Detention Facility. Mr. Olea-Cruz entered the United States without inspection in 2006 and has resided in the United States since then.

While Petitioner has resided in the United States, he has developed significant community ties. Mr. Olea-Cruz has three children, who are all United States Citizens. For nearly two decades, Petitioner did not have any contact with law enforcement while living in the United States, until an arrest in May of 2025, for driving under the influence of alcohol. The case resolved

through a plea deal. Mr. Olea-Cruz was sentenced to a term of probation with certain conditions of supervision including enrollment in a nine-month first offender program, reporting to a probation officer, submitting to alcohol or other tests on request, and maintaining full time employment. On March 5, 2026, Petitioner reported for his scheduled probation meeting in Santa Monica, but was met with Immigration and Customs Enforcement officers, who arrested and detained him. On the same date, Petitioner was served with a Notice to Appear, charging him as inadmissible under 8 U.S.C. § 1182 for being present in the United States without being admitted or paroled. Dkt. 1-2 at 9.

On April 28, 2026, an Immigration Judge ("IJ") held a bond hearing for Petitioner, and determined that he did not have jurisdiction to hear a bond request, pursuant to *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). *Id.* at 6. Petitioner has therefore remained detained at Adelanto since his initial arrest and detention.

Petitioner initiated this habeas action on May 15, 2026. Dkt. 1. Petitioner raises two claims for relief: (1) his arrest and detention pursuant to 8 U.S.C. § 1225(b) violates the Immigration and Nationality Act; and (2) his ongoing detention violates the Fifth Amendment's Due Process Clause because it bears no reasonable relations to any legitimate government purpose, as construed by *Zadvydas v. Davis*, 533 U.S.678, 690 (2001). *Id.* at 16-17. Petitioner requests immediate release, or a bond hearing before a non-Executive Office for Immigration Review ("EOIR") employee. *Id.* at 18.

On May 26, 2026, Respondents filed their Answer to the Petition. Dkt. 7. In the Answer, Respondents concede that Petitioner is a member of the Bond Eligible Class in *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-

01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). Petitioner filed his reply on May 27, 2026. Dkt. 8. Petitioner argues that he is entitled to immediate release because he is not requesting relief under *Maldonado Bautista* and because Respondents do not address his due process claims in their Answer, which he argues the Court should construe as a concession of those arguments. *Id.* at 2-3. Petitioner further argues that a bond hearing pursuant to 8 U.S.C. § 1226(a) is an inadequate remedy, due to the purported influence of EOIR leadership on IJ's individual bond determinations. *Id.* at 3-7.

## I.    DISCUSSION

The Court finds that Petitioner is entitled to habeas relief in the form of a bond hearing, pursuant to 8 U.S.C. § 1226(a). Despite Petitioner's arguments to the contrary, the final judgment in *Maldonado Bautista* has preclusive effect here because Petitioner and Respondents are parties in *Maldonado Bautista. See Granados v. Warden et al.*, No. 5:26-CV-00670-AH-DFM, 2026 WL 852211, at \*3 (C.D. Cal. Mar. 25, 2026) ("it appears that Respondents are precluded from relitigating whether "Bond Eligible Class" members—such as Petitioner—are entitled to the relief provided in the Bautista final judgment"); *Miguel Angel Cortez Lozano v. Ernesto Santacruz Jr. et al.*, No. 5:26-cv-00313-SSS-BFM, 2026 WL 325462, at \*4 (C.D. Cal. Feb. 4, 2026). *See generally De Corral v. Woosley*, No. 4:25-cv-145-BJB, 2026 WL 524778, at \*3 (W.D. Ky. Feb. 25, 2026) ("Under settled principles of collateral estoppel, the Central District's final declaratory judgment binds the parties 'with respect to the matters declared.'") (quoting Restatement (Second) of Judgments § 33). Accordingly, Petitioner is entitled to the relief required by

3

the *Maldonado Bautista* final judgment—a bond hearing under Section 1226(a).

**A. Petitioner is Not Entitled to Immediate Release**

## II.    CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days from the date of this order; and (3) the Respondents shall file a status report no later than seven (7) days from the date of this Order confirming that Petitioner has had a bond hearing, consistent with this order.

Dated: May 27, 2026

_____

HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE