**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

DAVID OLEA-CRUZ,
Petitioner,
v.
WARDEN, ADELANTO DETENTION CENTER, ET AL.,
Respondents.

Case No. 5:26-cv-02631-MBK

ORDER GRANTING PETITION AND ISSUING A WRIT FOR HABEAS CORPUS

(Supersedes prior order No. 9)

Petitioner David Olea-Cruz, a native and citizen of Mexico, is in the custody of the Department of Homeland Security at the Adelanto Detention Facility. Mr. Olea-Cruz entered the United States without inspection in 2006 and has resided in the United States since then.

While Petitioner has resided in the United States, he has developed significant community ties. Mr. Olea-Cruz has three children, who are all United States citizens. For the past two decades, Petitioner did not have any contact with law enforcement, until an arrest in May of 2025 for driving under the influence of alcohol. The case resolved through a plea deal. Mr. Olea-Cruz

was sentenced to a term of probation with certain conditions of supervision including enrollment in a nine-month first offender program, reporting to a probation officer, submitting to alcohol or other tests on request, and maintaining full time employment. On March 5, 2026, Petitioner reported for his scheduled probation meeting in Santa Monica, and was met by Immigration and Customs Enforcement ("ICE") officers, who arrested and detained him. Petitioner was served with a Notice to Appear charging him as inadmissible under 8 U.S.C. § 1182 for being present in the United States without being admitted or paroled. Dkt. 1-2 at 9.

On April 28, 2026, an Immigration Judge ("IJ") held a bond hearing for Petitioner, and determined that he did not have jurisdiction to hear a bond request pursuant to *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). *Id.* at 6.

Petitioner filed this habeas action on May 15, 2026. Dkt. 1. Petitioner raises two claims for relief: (1) his arrest and detention pursuant to 8 U.S.C. § 1225(b) violates the Immigration and Nationality Act; and (2) his ongoing detention violates the Fifth Amendment's Due Process Clause because it bears no reasonable relations to any legitimate government purpose, as construed by *Zadvydas v. Davis*, 533 U.S.678, 690 (2001). *Id.* at 16-17. Petitioner requests immediate release, or a bond hearing before a non-Executive Office for Immigration Review ("EOIR") employee. *Id.* at 18.

On May 26, 2026, Respondents filed their Answer to the Petition. Dkt. 7. In the Answer, Respondents concede that Petitioner is a member of the Bond Eligible Class in *Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). Petitioner filed his reply on May 27, 2026. Dkt. 8. Petitioner argues that he is entitled to

immediate release because he is not requesting relief under *Maldonado Bautista* and because Respondents do not address his due process claims in their Answer. *Id.* at 2-3. Petitioner further argues that a bond hearing pursuant to 8 U.S.C. § 1226(a) is an inadequate remedy due to the purported influence of EOIR leadership on IJ's individual bond determinations. *Id.* at 3-7.

## I. DISCUSSION

The Court finds that Petitioner is entitled to habeas relief in the form of a bond hearing pursuant to 8 U.S.C. § 1226(a). Despite Petitioner's arguments to the contrary, the final judgment in *Maldonado Bautista* has preclusive effect here because Petitioner and Respondents are parties in *Maldonado Bautista*. *See Granados v. Warden et al.*, No. 5:26-CV-00670-AH-DFM, 2026 WL 852211, at *3 (C.D. Cal. Mar. 25, 2026) ("it appears that Respondents are precluded from relitigating whether "Bond Eligible Class" members—such as Petitioner—are entitled to the relief provided in the Bautista final judgment"); *Miguel Angel Cortez Lozano v. Ernesto Santacruz Jr. et al.*, No. 5:26-cv-00313-SSS-BFM, 2026 WL 325462, at *4 (C.D. Cal. Feb. 4, 2026). *See generally De Corral v. Woosley*, No. 4:25-cv-145-BJB, 2026 WL 524778, at *3 (W.D. Ky. Feb. 25, 2026) ("Under settled principles of collateral estoppel, the Central District's final declaratory judgment binds the parties 'with respect to the matters declared.'") (quoting Restatement (Second) of Judgments § 33). Accordingly, Petitioner is entitled to the relief required by the *Maldonado Bautista* final judgment—a bond hearing under Section 1226(a).

Petitioner argues that he is entitled to release, rather than a bond hearing, because he is "unlikely to receive a fair bond hearing before an immigration judge." Dkt. 1 at 13; Dkt. 8 at 1-6. However, the cases he cites in support of his request for release involve due process claims challenging a

noncitizen's re-detention, claims challenging a noncitizen's denial of release at a bond hearing, or a noncitizen's request to waive exhaustion. Dkt. 1 at 13; *id.* at 13 n.2; Dkt. 8 at 4-5. Here, there is no indication that Petitioner was re-apprehended after he had been previously released from immigration custody or that he has previously received a bond hearing. Under these circumstances, the Court finds that the appropriate relief is for Respondents to promptly provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a). Nothing precludes Petitioner from later raising his claims concerning the impartiality of the immigration courts, in the event he believes he was erroneously denied release in his bond proceedings.

## II. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that: (1) Judgment be entered granting the Petition; (2) a writ of habeas corpus be issued requiring Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days from the date of this order; and (3) the Respondents shall file a status report no later than seven (7) days from the date of this Order confirming that Petitioner has had a bond hearing, consistent with this order.

Dated: November 20, 2026

HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE